UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 10-CR-27

THERESA A. TAYLOR and
GEORGE L. PHILLIPS,

    Defendants.

**RECOMMENDATION AND ORDER ON DEFENDANT'S PRETRIAL MOTIONS**

On February 9, 2010, a grand jury sitting in the Eastern District of Wisconsin returned a two-count indictment against Theresa A. Taylor ("Taylor") and George L. Phillips ("Phillips"). Count One of the Indictment charges that Taylor knowingly made false statements to a licensed firearm dealer, specifically that she was the actual buyer of the firearm (a Romarm/Cugir Champion 2007 model 7.62 x 39 caliber pistol) and that she was not an unlawful user of marijuana or any other controlled substance, and such statements were intended and likely to deceive a firearm dealer with respect to a fact material to the lawfulness of the sale of a firearm because she well knew that the actual buyer of the firearm was Phillips, in violation of 18 U.S.C. § 922(a)(6). Count Two of the Indictment charges that Phillips aided, abetted, counseled, procured, and induced Taylor to knowingly make a false statement intended and likely to deceive a licensed dealer despite knowing that he was the actual buyer of the firearm, in violation of 18 U.S.C. §§ 2 and 922(a)(6). Both Taylor and Phillips have entered not guilty pleas to the charges. Their trial is currently scheduled to commence on May 17, 2010 before Judge Rudolph T. Randa.

Currently before the court are Phillips's motions for dismissal of Count Two of the Indictment and for severance of the defendants' trials, which were both filed on March 11, 2010.

Phillips's motions are now fully briefed and are ready for resolution. For the reasons that follow, it will be recommended that Phillips's motion to dismiss be denied, and it will be ordered that Phillips's motion to sever his trial from Taylor's be granted.

## I. DISCUSSION

Phillips moves the court to dismiss Count Two of the Indictment as insufficient as a matter of law. In addition, Phillips moves the court to sever his trial from Taylor's trial because the introduction of Taylor's inculpatory statements at a joint trial would deprive him of his right to confront all witnesses against him. The court will address each motion in turn.

### A. Motion to Dismiss

Count Two of the Indictment reads as follows:

> On or about March 31, 2008, at West Allis, in the State and Eastern District of Wisconsin, GEORGE L. PHILLIPS, in connection with the acquisition of a firearm from a licensed dealer, aided, abetted, counseled, procured, and induced Theresa A. Taylor to knowingly make a false statement intended and likely to deceive such dealer with respect to a fact material to the lawfulness of the sale of a firearm. The false statement was that Theresa A. Taylor was the buyer of a Romarm/Cugir Champion 2007 model 7.62 x 39 caliber pistol bearing serial number CN0489-07 when, as George L. Phillips then and there well knew, the actual buyer was George L. Phillips himself.
> All in violation of Title 18, United States Code, Sections 2 and 922(a)(6).

Phillips presents two grounds for his motion to dismiss Count Two of the Indictment: (1) Count Two is insufficient for failing to allege that it is a *federally* licensed firearm dealer to whom Taylor made a false statement in connection with the acquisition of a firearm; and (2) Count Two is insufficient for failing to clearly allege the crime of aiding and abetting.

An "indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment must satisfy three requirements to be legally sufficient. "First, the indictment must state all of the elements of the crime

2

charged; second, it must adequately apprise the defendant of the nature of the charges so that he may prepare a defense; and third, it must allow the defendant to plead the judgment as a bar to any future prosecutions for the same offense." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). In assessing the sufficiency of an indictment, courts are to review the document in its entirety, giving it a "practical," rather than a "hypertechnical," reading. *Id.*

In setting forth the offense, it is generally acceptable for the indictment to "track" the words of the statute itself, so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished. *See United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir. 1981). However, an indictment that tracks the statutory language can nonetheless be considered deficient if it does not provide enough factual particulars to "sufficiently apprise the defendant 'of what he must be prepared to meet.'" *Russell v. United States*, 369 U.S. 749, 764 (1962). In sum, "[f]acial sufficiency is not a high hurdle. Indictments need not exhaustively describe the facts surrounding a crime's commission nor provide lengthy explanations of the elements of the offense." *United States v. Bates*, 96 F.3d 964, 970 (7th Cir. 1996). "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Agostino*, 132 F.3d 1183, 1191 (7th Cir. 1997) (quoting *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)).

### 1. Federally Licensed Firearm Dealer

Phillips is charged with a violation of 18 U.S.C. §§ 2 and 922(a)(6). With respect to his first challenge, the defendant attacks the sufficiency of Count Two regarding the conduct allegedly aided and abetted, which is set forth in § 922(a)(6). Section 922(a)(6), in pertinent part, provides as follows:

3

>    (a) It shall be unlawful--
>
>    . . .
>
>    (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter [18 U.S.C. §§ 921 et seq.].

18 U.S.C. § 922(a)(6).

The defendant argues that because the government did not quote the statute, 18 U.S.C. § 922(a)(6), correctly "by using the contextual terms 'under the provisions of this chapter,'" the reference to "licensed dealer" is a generic or descriptive term, not a legal term of art that expressly incorporates the federal element of the statute. (Def.'s Reply Br. at 3.) Thus, according to the defendant, Count Two is lacking the jurisdictional element of the offense. The government argues that the reference to "licensed dealer" is sufficient because indictments charging offenses using statutory terms need not include legal definitions of those terms. (Gov't's Br. at 4.)

Although an indictment must state all of the elements of the crime charged, various component parts of a statutory definition need not always be charged in the indictment. *See United States v. Kovach*, 208 F.3d 1215, 1219 (10th Cir. 2000); *United States v. Wicks*, 187 F.3d 426, 428 (4th Cir. 1999). For example, in *Kovach*, the United States Court of Appeals for the Tenth Circuit found the indictment constitutionally sufficient when a term contained within the indictment was used as a legal term of art, as opposed to a generic or descriptive term. 208 F.3d at 1219. In *Kovach*, the defendant was charged with knowingly uttering and possessing counterfeited securities of an "organization" with the intent to deceive another person and an organization, in violation of 18

4

U.S.C. § 513(a). *Id.* at 1216. The defendant argued for dismissal of the indictment because it was insufficient for failing to adequately allege an interstate commerce nexus. *Id.* at 1218. Finding that the term "organization," as used in § 513(a), is a term of art defined to refer only to entities that operate in or affect interstate or foreign commerce, the court held that the indictment was constitutionally sufficient although it did not parrot the component parts of the statutory definition. *Id.* at 1219; *see also Wicks*, 187 F.3d at 428 (finding the term "organization" to be a term of art). More particularly, the *Kovach* court found as follows:

> This [statutory] definition, which is narrower than the common definition of the word "organization," "is not merely a generic or descriptive term, but a legal term of art" which expressly incorporates the interstate commerce element of the statute. Because this definition is applicable to all indictments charging a violation of § 513(a), its use is "sufficiently definite in legal meaning to give a defendant notice of the charge against him," even if the "various component parts of the [statutory] definition of" organization are not specifically alleged in the indictment.

*Id.* (internal citations omitted).

Similarly, I find the term "licensed dealer" constitutionally sufficient because it is used as a term of art in the Indictment. As evident from the statutory language quoted above, 18 U.S.C. § 922(a)(6) incorporates the "provisions of this chapter [18 U.S.C. §§ 921 et seq.]." Further, 18 U.S.C. § 921(a)(11)(C) provides that the term "'licensed dealer' means any dealer who is licensed under the provisions of this chapter [18 U.S.C. §§ 921 et seq]." Finally, 18 U.S.C. § 923 describes the licensing process for dealers involved in the business of importing, manufacturing, or dealing in firearms, requiring dealers to receive licenses from the Attorney General. Indeed, what makes the defendant's alleged actions a federal offense is the acquisition of a firearm from a federally licensed dealer. However, because Count Two tracks the language of § 922(a)(6), the term "licensed dealer" expressly incorporates the element that the dealer be licensed by the Attorney General. Like in

5

*Kovach* and *Wicks*, the statutory definition of "licensed dealer" is applicable to all indictments charging a violation of § 922(a)(6), even if the various component parts of the statutory definition are not specifically parroted in the indictment.

I do not find persuasive the defendant's argument that adding the terms "under the provisions of this chapter" transforms the Indictment into one that would be constitutionally specific. Requiring the addition of such language is arguably no different than requiring an indictment charging a violation of § 922(a)(6) to add all component parts of the statutory definition of a licensed dealer. Simply stated, the Indictment adequately apprises Phillips of the nature of the charge lodged against him so that he may prepare a defense with respect to the licensing status of the firearm dealer.

### 2. Aiding and Abetting

The defendant next maintains that Count Two misstates the crime allegedly aided and abetted because "Count Two charges something wholly different than aiding and abetting the conduct set forth in Count One." (Def.'s Reply Br. at 5.) Because Count One alleges that *Taylor* well knew that Phillips was the actual buyer of the firearm while Count Two alleges that *Phillips* well knew that he himself was the actual buyer of the firearm, Phillips contends that Count Two is insufficient because it does not allege aiding and abetting the crime alleged in Count One. If it is alleged that only Phillips knew that he was the actual buyer of the firearm, Taylor does not violate § 922(a)(6) and, thus, Phillips cannot aid and abet conduct that is not a crime or aid and abet his own conduct. (Def.'s Br. at 6; Def.'s Reply Br. at 6.) According to Phillips, the Indictment has not put him on notice of whose scienter he is to defend. On the other hand, the government argues that (1) Count Two adequately alleges Taylor's knowledge of the false statement by stating that she was caused to "knowingly make a false statement"; (2) Taylor's knowledge is clearly alleged in Count One, and

6

the Indictment can be read in its entirety; and (3) Phillips can be found guilty of aiding and abetting a crime even if the individual aided and abetted is not found guilty.

This issue of facial sufficiency has been made unnecessarily convoluted in this case. To prove a violation of § 922(a)(6) for making false statements in connection with the acquisition of a firearm, the government must show the following: (1) one acquired or attempted to acquire a firearm from a licensed dealer; (2) in doing so, one knowingly made any false or fictitious oral or written statement; and (3) the subject of the false statement was intended or likely to deceive such dealer with respect to any fact material to the lawfulness of the sale. Aiding and abetting such conduct requires that one knowingly aid, counsel, command, induce, or procure the commission of the offense. Pattern Criminal Federal Jury Instructions for the Seventh Circuit, § 5.06 (1998). A review of these elements reveals that the government sufficiently set forth the offense charged against Phillips by stating all of the elements of the crime and by adequately apprising Phillips of the nature of the charge.

To the extent that Count Two of the Indictment states that Phillips knew that Taylor's statement was false, the court can only speculate that the government included such language to provide context and further notice to Phillips, particularly because aiding and abetting liability requires Phillips to have knowingly associated himself with the criminal venture, participated in it, and tried to make it succeed. *See United States v. Salazar*, 983 F.2d 778, 781-82 (7th Cir. 1993); Pattern Criminal Federal Jury Instructions for the Seventh Circuit, Committee Comment to § 5.06. Having reviewed the face of the Indictment, I am satisfied that it has sufficiently charged a violation of 18 U.S.C. §§ 2 and 922(a)(6).

7

Moreover, it makes no difference whether Taylor knew that the actual buyer of the firearm was Phillips for purposes of Count Two because of 18 U.S.C. § 2(b). Section 2(b) provides that "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." 18 U.S.C. § 2(b). Therefore, Taylor need not be found guilty of violating 18 U.S.C. § 922(a)(6) for Phillips to be found guilty of aiding and abetting Taylor, contrary to Phillips's assertion. Additionally, a defendant need not be specifically charged with aiding and abetting under 18 U.S.C. § 2 to be convicted as an accessory; rather, one can be charged as a principal and convicted as an aider and abettor. *See United States v. Loscalzo*, 18 F.3d 374, 383 (7th Cir. 1994); *United States v. Salazar*, 983 F.2d 778, 782 (7th Cir. 1993).

Phillips goes on to argue that if Taylor's guilty knowledge is irrelevant, then the government's argument that the indictment should be read in its entirety falls apart. However, both counts, as charged, are not contradictory. To be found guilty of § 922(a)(6), Taylor must be found to have *knowingly* made a false statement, while Phillips, to be found guilty of aiding and abetting Taylor, must be found to have *knowingly* associated and participated in the activity, which corresponds to his knowledge of the falsity of Taylor's statement to the licensed firearm dealer.

For these reasons, Count Two is constitutionally sufficient, and thus, it will be recommended that Phillips's motion to dismiss Count Two be denied.

**B. Motion for Severance**

Phillips argues that severance is necessary because his co-defendant, Taylor, gave statements to law enforcement authorities that incriminate him. In Phillips's view, to allow the jury to hear such statements would violate his right to confront the witness against him, as secured by the

8

Confrontation Clause of the Sixth Amendment. *See Bruton v. United States*, 391 U.S. 123, 126 (1968). In response to Phillips's motion, the Government acknowledges that if Taylor's confessions were introduced without redaction and Taylor did not testify, "a confrontation issue would arise" because Taylor's statements incriminate Phillips. (Gov't's Br. at 8.) Nevertheless, the Government argues that severance is not necessary because the trial court can avoid violating Phillips's Sixth Amendment right to confrontation by redacting Taylor's statements so that Phillips's name would be replaced with neutral pronouns and by giving limiting instructions to the jury. (Gov't's Br. at 8.)

Federal Rule of Criminal Procedure 8(b) permits the government to charge two or more defendants in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Federal Rule of Criminal Procedure 14 permits a court to sever joined defendants and order separate trials if "a consolidation for trial appears to prejudice a defendant." Phillips does not allege that he was improperly joined pursuant to Rule 8(b) but rather that severance is appropriate under Rule 14 because joinder in this case is prejudicial.

One scenario where the failure to sever may be prejudicial arises in a case involving co-defendants, where the non-testifying defendant makes statements that incriminate the co-defendants. *See Bruton v. United States*, 391 U.S. 123 (1968). In *Bruton*, the Supreme Court held that the admission of a non-testifying co-defendant's confession that implicated a second defendant at their joint trial constituted prejudicial error, even though the trial court gave a clear, concise, and understandable instruction that the confession could only be used against the non testifying co-defendant and was to be disregarded with respect to the second defendant. *Id.* at 123-26. The Court stated that "where the powerfully incriminating extrajudicial statements of a codefendant, who stands

9

accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial," a limiting instruction is not "an adequate substitute for [Bruton's] constitutional right of cross examination." *Id.* at 135-37. If, however, a non-testifying defendant's statements become incriminating only when linked with other evidence introduced later at trial, no Bruton violation arises. *See Richardson v. Marsh*, 481 U.S. 200, 208 (1987).

In many instances, proper redaction of the confession to eliminate all references to the co-defendants, combined with proper limiting instructions, is sufficient to avoid any violation of the Confrontation Clause. *See United States v. Sutton*, 337 F.3d 792, 799 (7th Cir. 2003). "Additionally, a redaction that replaces co-defendant names with neutral pronouns such that there is no obvious reference to the co-defendants will, along with limiting instructions, suffice to protect codefendants' Confrontation Clause rights." *Id.* (citing *Gray v. Maryland*, 523 U.S. 185, 196 (1998)). However, when a redacted confession facially incriminates the non-confessing defendant, redaction is an inadequate remedy. *See United States v. Brooks*, 125 F.3d 484, 501 (7th Cir. 1997). Stated differently, the "use of replacement words that fail to 'avoid[] a one-to-one correspondence between the confession and easily identified figures sitting at the defense table' violates *Bruton*." *Sutton*, 337 F.3d at 799 (quoting *United States v. Hoover*, 246 F.3d 1054, 1059 (7th Cir. 2001)).

Taylor provided law enforcement officials with incriminating statements on August 31, 2009 and January 14, 2010, which the government attached to its response to Phillips's motion for severance. Together, the statements are replete with references to Phillips. According to Phillips, "[e]ach statement indicates in no uncertain terms that Taylor purchased the rifle for Phillips, and the last of these series of statements indicate Phillips provided the money for the rifle and for her trouble, Phillips picked out the store and rifle for purchase, Phillips handled the rifle in the store, Phillips

10

took the rifle and put it in his room post-purchase, and Phillips asked her to file a petition for return of the rifle fr[o]m the police later on and after it was seized." (Def.'s Reply Br. at 9.) Thus, the question before me is whether a redacted version of the statements would nevertheless facially incriminate Phillips.

No *Bruton* violations occurred in *United States v. Lane*, 752 F.2d 1210 (7th Cir. 1985), and *Sutton*, when the redacted version of co-defendants' statements were not facially incriminating. *Lane* involved issues with the identity and actions of a third party, where the substitution of a neutral pronoun could just as easily refer to the third party as it could to the co-defendant. *See* 752 F.2d at 1216. In *Sutton*, multiple people, identified and unidentified, involved in the crimes were detailed in the confession of a co-defendant such that any neutral word did not create an immediate identification of the non-confession defendant. *See* 337 F.3d at 799.

Conversely, redacted statements were still found to facially incriminate the defendants in *United States v. Nash*, 482 F.3d 1209 (10th Cir. 2007), and *United States v. Richards*, 241 F.3d 335 (3d Cir. 2001). In *Nash*, the district court admitted into evidence testimony from three witnesses regarding post-arrest statements made by co-defendants. 482 F.3d at 1217-18. Although the statements included insertions to either "partner" or "his driver" for the defendant's name within his co-defendant's incriminating statement, the court held that it was "obvious that a jury immediately would understand that the terms 'partner' and 'his driver' were meant to refer to [the defendant]." *Id.* at 1218. According to the court, the context in which the statement was made and recounted to the jury "admit[ted] of no other possible inference." *Id.* Likewise, in *Richards*, the court found a *Bruton* violation where the co-defendant's statement incriminated himself and his "friend" (which was the word substituted into the redacted statement) because the second defendant was easily

11

identified as that "friend" when the non-testifying co-defendant's mother testified that her son and the second defendant were friends. *See* 241 F.3d at 341.

In the case at bar, it cannot be said that the substitution of a neutral pronoun could easily refer to a third party or to one of a multitude of people. In my opinion, this case is more like *Nash* and *Richards* because even a redacted version of Taylor's statements would facially incriminate Phillips.[1] Like the statements in *Nash*, redacted statements here could admit of no other possible inference than Phillips being the one aiding and abetting Taylor's conduct. Furthermore, like the relationship that was pieced together in *Richards*, the same could easily be done in this instance because Taylor identifies Phillips as her god-son who was living with her at the relevant time period within her statements.

To reiterate, Taylor's statements indicate in detailed fashion, among other information, that Phillips, her god-son, lived with her, approached her about purchasing a firearm for him, went with her to the store, paid her for the firearm, and paid her for purchasing the firearm. To me, common sense suggests that a juror, having read or listened to a redacted version of these statements, would come to the inescapable conclusion that the person Taylor was referring to was Phillips. A juror would "need only lift his eyes to [Phillips], sitting at counsel table, to find what [would] seem the obvious answer." *Gray v. Maryland*, 523 U.S. 185, 193 (1998). The detail provided in Taylor's statements, including the relationship between Taylor and Phillips and where Phillips resided at the relevant time period, and the nature and circumstances of the charges tip the balance in favor of

---

[1] Although the government has not provided a redacted version of Taylor's statement for purposes of resolving this motion for severance, I find that no redacted version could avoid a *Bruton* violation. The more detail left unredacted in Taylor's statements to prove Taylor's guilt will inevitably include details from which a jury could easily deduce Phillips to be the actual buyer of the firearm.

12

severance. *See Untied States v. Castillo*, 2008 U.S. Dist. LEXIS 21838, at *4 (E.D. Wis. March 7, 2008) (finding severance necessary to ensure that all parties receive a fair trial when the government sought to introduce testimony against one defendant that would violate his co-defendant's Sixth Amendment right under the confrontation clause).

In the end, Taylor's statements implicate only two individuals, and only two individuals are charged in the Indictment, making unavoidable a one-to-one correspondence between the statements and the easily identified figures sitting at the defense table. *See United States v. Gilmer*, 2005 U.S. Dist. LEXIS 28070, at *7-8 (N.D. Ill. Nov. 14, 2005) (denying admission of defendants' post-arrest statements because each statement was "chock-full of references that incriminate the other codefendant" such that any tinkering with redaction would not provide "insulation against the constitutional defect identified in *Bruton*"); *United States v. Bouzanis*, 2003 U.S. Dist. LEXIS 16218, at *18 (N.D. Ill. Sept. 16, 2003) (denying government's motion to introduce co-defendant's redacted statement pursuant to *Bruton* because the indictment did not involve "a great number of people," and the insertion of "Individual A" was such an obvious indication of alteration that the redacted statement too closely resembled the unredacted statement). In my opinion, the person to whom Taylor is referring to in her statements would be readily apparent to any reasonable juror. Indeed, the conclusion that it was Phillips whose name was repeatedly redacted would be unavoidable. Accordingly, it will be ordered that Phillips's motion to sever his trial from Taylor's trial be granted.

**NOW THEREFORE IT IS RECOMMENDED** that Phillips's motion to dismiss Count Two be **DENIED**;

**IT IS FURTHER ORDERED** that Phillips's motion to sever the defendants' trials be **GRANTED**.

13

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C), and Federal Rule of Criminal Procedure 59(a) and (b)(2) (as amended effective December 1, 2009), whereby written objections to any order or recommendation herein or part thereof may be filed within fourteen days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 12th day of April 2010.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge